CASE NO. 26-10175

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

JOSEPH REED UBELE,
Defendant-Appellant,

vs.

PROGRESSIVE EXPRESS INSURANCE COMPANY,
Plaintiff-Appellee.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:25-cv-21723-BB
SAT BELOW: BETH BLOOM, U.S.D.J.

**APPELLEE'S RESPONSE IN OPPOSITION TO DEFENDANT-
APPELLANT'S MOTION TO STAY BRIEFING OR IN THE
ALTERNATIVE MOTION FOR TWENTY DAY EXTENSION TO FILE
INITIAL BRIEF**

Mayda Z. Mallory, Esq.
Yvette R. Lavelle, Esq.
Boyd Richards Parker Colonnelli, P.L.
100 S.E. 2nd St., Suite 2600
Miami, FL 33130

*Counsel for Appellee, Progressive Express Insurance Company*

1

Appellee, Progressive Express Insurance Company ("Progressive"), submits this Response in Opposition to Appellant's Motion to Stay Briefing or in the Alternative Motion for Twenty Day Extension to File Initial Brief. [D.E. 20].

## I. RELEVANT FACTS

1. On February 13, 2026, this Honorable Court posed a jurisdictional question to the parties asking them to address whether the pleadings sufficiently allege the citizenship of the parties and the relief sought to cure the deficiencies should the jurisdictional allegations be inadequate.

2. On February 27, 2025, Progressive filed its Response to the Court's Jurisdictional Question Served on February 13, 2026 [D.E. 19-1] and its Motion to Amend Complaint Allegations to Correct Deficient Allegations of Citizenship ("Motion to Amend") [D.E. 19-2].

3. For the reasons set forth below, this Court should deny Appellant's Motion to Stay and proceed with the appeal without further delay because subject matter jurisdiction has remained at all times below, and in this Court over the parties and the controversy.

## II. ARGUMENT

### A. This Court has Subject Matter Jurisdiction

As set forth fully in Progressive's Motion to Amend, on April 15, 2025

Progressive filed its Complaint against Enrique Augusto Urdaneta ("Urdaneta"), Joseph Reed Ubele ("Ubele"), and The Minato Group, LLC ("Minato") ("Complaint")[1]. All parties, *including Appellant*, had a clerk's default entered against them for failure to timely appear and defend against the Complaint. As set forth in the Motion to Amend, Progressive seeks to correct technical deficiencies and amend the jurisdictional allegations of Progressive and Appellant to allege that the citizenship of Progressive is Ohio and that the citizenship of Appellant is Florida. Appellant, as a defaulted party, cannot and did not dispute that he is a citizen of Florida. While Appellant did not file a response to Progressive's Motion to Amend, Appellant included argument that appears to respond to same in Appellant's Response to Jurisdictional Question. [D.E. 18]. Notably absent from that response is any dispute that Appellant is a citizen of Florida. In Appellant's Response to the Jurisdictional Question, Appellant erroneously states that Progressive did not adequately plead the jurisdiction of The Minato Group, a Florida Member Managed Limited Liability Company, because Progressive listed

---

[1] Only Appellant Ubele and Appellee Progressive are parties to this appeal. Minato is Progressive's named insured on the policy of insurance at issue, and Urdaneta is Minato's member and was the driver involved in the underlying incident which is the subject of Appellant's Florida state court action. Both defendants Minato and Urdaneta failed to appear and respond to the Complaint in Case No. 1:25-cv-21723 and Final Judgment was entered as to these defendants and no further action occurred after entry of Final Judgment with respect to these defendants.

its two managers as "domiciled" in Florida. [D.E. 18 at p.4]. "Citizenship is equivalent to "domicile" for purposes of diversity jurisdiction". *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

As set forth in Progressive's Response to the Court's Jurisdictional Question and its Motion to Amend [D.E. 19-1 and D.E. 19-2], Progressive adequately pled the citizenship of The Minato Group, LLC and its two member-managers by alleging that "Minato is a Florida limited liability company, incorporated under the laws of the State of Florida, domiciled and with its principal place of business in Davie, Florida" and that "Minato has two managers, Urdaneta and Miriam Ortiz, both of who are domiciled in Davie, Florida." [D.E. 19-2 at p. 4]. As for Urdaneta's citizenship, the Complaint adequately alleges that Urdaneta (who is also a manager-member of Minato) is domiciled in Florida. *Id.* Accordingly, the citizenship of The Minato Group, LLC, its two members, and Urdaneta are sufficiently pled to confer jurisdiction.

As set forth in Progressive's Motion to Amend, Progressive concedes that the allegations in the Complaint should be amended to sufficiently allege the citizenship of Progressive as a citizen of Ohio, and the citizenship of Appellant as a citizen of Florida. [D.E. 19-2]. The requested amendment is to correct a technical deficiency because the Complaint, as currently plead, alleges "Progressive is an insurance company incorporated under the laws of a foreign state, having its

principal place of business in Mayfield Village, Ohio" and alleges "Ubele is a resident of Miami-Dade County, Florida." [D.E. 19-2]. In support, Progressive submitted an affidavit setting forth that Progressive is a citizen of Ohio. (D.E. 19-2). As for the Appellant, Progressive requested that the pleading in the Complaint be corrected to allege that Appellant is a citizen of Florida.

This is not a case where Progressive is attempting to create subject matter jurisdiction on appeal. Subject matter jurisdiction has existed since the date the Complaint was filed and continues to exist to this date. An amendment of a technical deficiency in the allegations of a complaint to correct jurisdictional allegations is permitted pursuant to 28 U.S.C § 1653 and well-settled authority in this Court. *Mallory v. Evans Contractors &B Eng'rs, LLC v. Tuskegee Univ.,* 663 F.3d 1304, 1305 (11th Cir. 2011). Progressive is not attempting to amend the complaint to allege substantive information, but is requesting that technical deficiencies in the complaint be amended to allege the citizenship of Progressive and Appellant, which Progressive is permitted to do. 28 U.S.C § 1653; *Mallory,* 663 F.3d 1304, 1305 (11th Cir. 2011).

**B. <u>The Court should not Stay the Briefing Schedule Pending Resolution of the Jurisdictional Question</u>**

Ordinarily, a motion for stay is directed to a stay of the district court proceeding pending appeal and is governed by Federal Rule of Appellate Procedure

18 and 11th Cir. R. 18-1, which set forth the proper procedure for seeking a stay, none of which Appellant has complied with or sought. Here, Appellant seeks to stay briefing on the merits in this appeal proceeding and fails to present sufficient support for same. Appellant's only support to stay this appeal is that the Court's determination of the jurisdictional issue "may very well be dispositive." [D.E. 18]. Appellant also states that if the Court determines that it lacks jurisdiction (which it should not because there is and has always been subject matter jurisdiction) then it would alleviate the need for the parties to submit briefs on the merits of this matter and that the stay would "potentially conserve judicial resources." [D.E. 20]. Appellant does not provide sufficient justification or basis for a stay of the appeal on the merits. In fact, this Court's letter accompanying the jurisdictional question specifically states that "the issuance of a jurisdictional question does not stay the time for filing appellant's briefs otherwise provided by 11th Cir. R. 31-1." [D.E. 10-1]. Jurisdictional questions are often carried with the case and do not result in an automatic stay of the appeal. That is especially true, where, as here, subject matter has always been present and the technical deficiencies in subject matter jurisdiction can be corrected pursuant to 28 U.S.C. § 1653 through a motion to amend as Appellee has filed with this Court. [D.E. 19-2].

Accordingly, the court should deny Appellant's Motion to Stay Briefing or in the Alternative Motion for Twenty Day Extension to File Initial Brief. Notably,

Appellant's alternative relief seeking a 20-day enlargement of time should be denied as moot because on March 19, 2026 Appellant filed his (unopposed) Motion for Extension of Time [D.E. 21] and the Court entered its Order granting Appellant's Motion for Extension of Time ordering Appellant's initial brief shall be field on April 16, 2026 [D.E. 22]. Should the Court rule on the jurisdictional question in the interim, the Motion to Stay would be mooted in its entirety.

## III.    CONCLUSION

WHEREFORE, Appellee, Progressive Express Insurance Company, respectfully requests this Honorable Court deny Defendant-Appellant's Motion to Stay Briefing or in the Alternative Motion for Twenty Day Extension to File Initial Brief [D.E. 20].

Dated: March 27, 2026.

Respectfully submitted,

By:     __*Mayda Z. Mallory*_____
**Mayda Z. Mallory, Esq.**
Fla. Bar No. 1010798
mmallory@boydlawgroup.com
**Yvette R. Lavelle, Esq.**
Fla. Bar No. 48107
ylavelle@boydlawgroup.com
**Boyd Richards Parker Colonnelli, P.L.**
100 S.E. 2nd St., Suite 2600
Miami, FL 33130
Tel: (786) 425-1045
*Counsel for Appellee, Progressive Express Insurance Company*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.     This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because this document contains less than 5,200 words.

2.     This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) because this document has been prepared in a plain, proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

3.     This document complies with type-style requirements of Fed. R. App. P. 32(a)(6), because it is set in a plain, roman style.

Dated: March 27, 2026.

By:   *Mayda Z. Mallory*
**Mayda Z. Mallory, Esq.**
Fla. Bar No. 1010798
mmallory@boydlawgroup.com
**Yvette R. Lavelle, Esq.**
Fla. Bar No. 48107
ylavelle@boydlawgroup.com
**Boyd Richards Parker Colonnelli, P.L.**
100 S.E. 2nd St., Suite 2600
Miami, FL 33130
Tel: (786) 425-1045
*Counsel for Appellee, Progressive Express Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 27, 2026, I electronically filed the foregoing with the Clerk of courts using the Case Management/Electronic Case Filing ("CM/ECF") system which will send notice of electronic filings to all counsel of record.

By: *Mayda Z. Mallory, Esq.*
**Mayda Z. Mallory, Esq.**
Fla. Bar No. 1010798
mmallory@boydlawgroup.com
**Yvette R. Lavelle, Esq.**
Fla. Bar No. 48107
ylavelle@boydlawgroup.com
**Boyd Richards Parker Colonnelli, P.L.**
100 S.E. 2nd St., Suite 2600
Miami, FL 33130
Tel: (786) 425-1045
*Counsel for Appellee, Progressive Express Insurance Company*